# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

MAY 1 - 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

**JOHN R. CLARK,**
Plaintiff,

v.

Civil Action #  3:26-cv-350-KDB

**BENJAMIN F. CLARK JR., et al.,**
Defendants.

## I. INTRODUCTION

1.  This action arises from the **knowing fabrication and use of forged testamentary instruments**, including falsified notarizations, which were intentionally introduced into judicial proceedings to obtain legal authority that did not exist.
2.  These acts were not isolated errors but constitute a **deliberate scheme to corrupt judicial proceedings**, resulting in the deprivation of Plaintiff's constitutional rights.
3.  As a direct and proximate result, Plaintiff suffered:
    o   Loss of property
    o   Wrongful legal process
    o   Arrest and deprivation of liberty

## II. JURISDICTION

4.  This Court has jurisdiction under:

•   28 U.S.C. § 1331
•   28 U.S.C. § 1343

5.  This action **does NOT seek appellate review of a state court judgment**, but instead:

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).

# III. FACTUAL ALLEGATIONS (RULE 9(b) PARTICULARITY)

## A. The Fraudulent Instruments

6. The following probate matters involved fabricated testamentary documents:

- Case No. 21E001242-590
- Case No. 21E002049-590

7. The documents contained:

- Forged signatures purporting to be those of decedents
- Notary acknowledgments bearing **irregular, inconsistent, or fabricated seals**
- False certifications of execution

## B. WHO / WHAT / WHEN / WHERE / HOW (Rule 9(b))

8. **WHO:**
   Defendant Benjamin F. Clark Jr.
9. **WHAT:**
   Knowingly presented forged wills and false notarizations as genuine
10. **WHEN:**
    During probate filings and subsequent proceedings (2021–present)
11. **WHERE:**
    Mecklenburg County Superior Court (Probate Division)
12. **HOW:**
    By submitting fabricated documents under oath and asserting executor authority derived solely from those documents

## C. False Executor Authority

13. Defendant represented to the court that he was a lawful executor.
14. That representation was **materially false** because:

- It depended entirely on fraudulent documents
- No valid testamentary authority existed

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).

## D. Use of Fraud Across Proceedings

15. The fabricated authority was used in:

- Foreclosure proceeding (22SP002956-590)

16. Judicial actors relied on these representations in taking official action.

## E. STATE ACTION

17. Defendant acted **under color of state law** by:

- Invoking judicial authority through knowingly false filings
- Causing state officials (clerks, judges, law enforcement) to act based on fraudulent representations

18. This constitutes:

- **Joint participation with state actors**
- **Willful misuse of judicial machinery**

## F. RESULTING HARM

19. As a direct and proximate result:

- Plaintiff was deprived of property rights
- Plaintiff was subjected to legal process without lawful basis
- Plaintiff was arrested and deprived of liberty

20. These harms were **foreseeable and intended consequences** of the fraudulent scheme.

# IV. CLAIMS FOR RELIEF

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).

# COUNT I — FRAUD UPON THE COURT (RULE 60(d)(3))

21. Plaintiff incorporates all prior paragraphs.
22. Defendant:

- Fabricated evidence
- Submitted forged documents
- Used false notarizations

23. This conduct:

- Was directed at the judicial process itself
- Prevented impartial adjudication

24. Such conduct meets the standard set in:

Hazel-Atlas Glass Co. v. Hartford-Empire Co.

---

# COUNT II — 42 U.S.C. § 1983

25. Defendant acted under color of state law via:

- Joint participation with judicial actors
- Invocation of state authority using fraud

26. Plaintiff was deprived of:

- Property (Fourteenth Amendment)
- Liberty (wrongful arrest)
- Due process

---

# COUNT III — 42 U.S.C. § 1985 (CONSPIRACY)

Defendant conspired with others, known or unknown, to:
- Introduce fraudulent documents
- Mislead the court

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).

- Overt acts include:
- Filing forged wills
- Asserting false executor authority

# COUNT IV — STRUCTURAL DUE PROCESS VIOLATION

29. Proceedings based on fabricated evidence are:

**constitutionally invalid at their core**

30. This constitutes a **structural defect**, not subject to harmless error.

# V. INJUNCTIVE RELIEF

31. Plaintiff seeks prospective relief only:

- To prevent continued reliance on fraudulent documents
- To stop ongoing constitutional violations

# VI. PRAYER FOR RELIEF

Plaintiff requests:

1. Declaration that the wills are void ab initio
2. Injunction prohibiting reliance on those documents
3. Damages for constitutional violations
4. Costs and any additional relief
5. Remove all executor statues from Benjamin F. Clark Jr.

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).

# VII. CERTIFICATE OF SERVICE

I John R. Clark do hereby certify that 1 copy of this complaint will be sent to counsel for Benjamin F. Clark Jr. Counsel Rasheed Blossom, Esq of Blossom Law PLLC 126 North McDowell St 2nd Floor Charlotte NC 28204 (704) 256-7766. rblossom@blossomlaw.com . Edward A. Jesson Esq of Jesson & Rains, PLLC 5821 Fairview Road, Suite 218 Charlotte, NC 28209 (704) 444-0594 edward@jessonrainslaw.com & Heather McKaig Esq 5821 Fairview Road, Suite 218 Charlotte, NC 29209 (704) 444-0594 heather@jessonrainslaw.com

**Your Honor:**

This case is not about relitigating a state court decision.
It is about whether judicial proceedings were fundamentally corrupted by the use of forged testamentary documents and false notarizations.
The Defendant created authority that did not exist, presented it under oath, and that false authority was relied upon by the court system to take action against me—including affecting my property and liberty.
Under *Hazel-Atlas*, fraud upon the court is an extraordinary circumstance that permits federal intervention.
At this stage, I am not asking the Court to decide the ultimate facts.
I am asking for a fair opportunity to present evidence at a hearing, because the integrity of the judicial process itself is at issue.

## The Rooker Feldman doctrine cannot be claimed because the foreclosure case has been reopened in the Mecklenburg County Court due to fraud upon the court.

John R. Clark
P.O. Box 19043
Charlotte, NC 28219
(704) 712-5443
jclark0719@yahoo.com

Based on docket # 3:16-cv-00140-MOC-DSC the honorable Max O'Cogburn Jr is excluded from hearing this case based on his knowledge of past cases linked to this and a past appeal court decision (File# 25-1626).