| | |
|---|---|
| JOHN R. CLARK, <br><br> **Plaintiff,** <br><br> v. <br><br> BENJAMIN F. CLARK, JR., <br><br> **Defendant.** | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendant Benjamin F. Clark, Jr.'s Motions to Dismiss (Doc. No. 11) and for Sanctions (Doc. No. 17). The Court has carefully considered the motions and the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the Motion to Dismiss and partially **GRANT** the Motion for Sanctions.

## I. LEGAL STANDARD

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the court has subject-matter jurisdiction to hear the dispute, *see* Fed. R. Civ. P. 12(b)(1), and Plaintiff bears the burden of proving that subject matter jurisdiction exists. *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "[F]ederal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998) (quotation omitted); *see Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is no presumption that a federal court has subject-matter jurisdiction. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). However, "when a defendant asserts that the complaint fails to allege sufficient facts to

1

support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." *Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009). Further, to determine whether subject matter jurisdiction is proper, the Court may consider evidence beyond the pleadings. *Evans*, 166 F.3d at 647.

## II.    FACTS AND PROCEDURAL HISTORY

The relevant facts and procedural history are well documented in Defendant's Motion to Dismiss and in this Court's prior order resolving Plaintiff's earlier federal litigation against Defendant and others. *See* Doc. No. 20; 3:25-cv-064-MOC-SCR, Doc. No. 38. So, they will be only summarized briefly here.

The parties are brothers. Following their father's death and the probate of his will, Defendant Benjamin Clark inherited the real property in which Plaintiff John Clark was residing. Doc. No. 12 at 3. Plaintiff refused to leave the property and began filing a series of pro se lawsuits—approximately eleven in total—in both state and federal courts, alleging, among other things, that the probated will was fraudulent. *Id.* at 2–7.

In the 2025 federal action (his second federal lawsuit), Plaintiff asserted dozens of claims against Defendant and others, including illegal transfer of property through forgery, document forgery, notary fraud, and deed fraud. *See* 3:25-cv-064-MOC-SCR, Doc. No. 1 at 1. The Court dismissed the matter for lack of subject matter jurisdiction, and although the Fourth Circuit affirmed, it modified the dismissal to one without prejudice. *Clark v. Clark*, No. 25-1626, 2025 WL 3063310, at *1 (4th Cir. Nov. 3, 2025).

In this action, Plaintiff again alleges that Defendant knowingly presented a forged will and falsified notarizations as genuine during the probate proceedings. Doc. No. 1 at 2–5. He further alleges that Defendant acted under color of state law and conspired with unidentified "judicial

actors" in carrying out the scheme. *Id.* He contends that these acts deprived him of his "property rights." *Id.* at 3. Defendant timely moved to dismiss and also seeks a prefiling injunction and sanctions, including attorney's fees. *See* Doc. No. 17. Plaintiff has responded, and the motions are now ripe for disposition.

## III. DISCUSSION

Defendant's motion to dismiss argues that the Court lacks subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because John's claims are barred under the *Rooker-Feldman* Doctrine. *See* Doc. No. 12. The Court agrees.

Whether a court has subject matter jurisdiction is a "threshold matter" that a court must consider prior to reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, (1998); *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006). The "*Rooker-Feldman* Doctrine provides that federal courts lack jurisdiction over a case if the exercise of jurisdiction would result in reversal or modification of a state court judgment." *Hall v. Putnam Cnty. Comm'n*, 637 F. Supp. 3d 381, 397 (S.D.W. Va. 2022) (first citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 125 (2005); and then citing *Jonathan R. by Dixon v. Justice*, 41 F.4th 316, 339–40 (4th Cir. 2022)). This jurisdictional bar applies to probate matters. *See Donnelly v. Misiti*, No. 819CV03291BHHJDA, 2019 WL 7938321, at \*4 (D.S.C. Dec. 6, 2019), *report and recommendation adopted,* No. 8:19-CV-03291-DCC, 2020 WL 415898 (D.S.C. Jan. 27, 2020), *aff'd as modified,* 806 F. App'x 235 (4th Cir. 2020) (claims involving probate matters adjudicated in state court barred by *Rooker-Feldman)*; *Garrett v. Garrett*, No. 2:14-CV-30-FL, 2015 WL 3890857, at \*4 (E.D.N.C. June 24, 2015) (finding that claims of "injuries resulting from an allegedly improperly conducted state probate proceeding ... are barred by operation of the *Rooker–Feldman* doctrine").

*Rooker-Feldman* extends not only to claims actually adjudicated in state court but also to those "inextricably intertwined with questions ruled upon by a state court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). A federal claim is "inextricably intertwined" when "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." *Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 857–58 (4th Cir. 2001).

The doctrine thus bars "state-court losers" from "seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Exxon Mobil*, 544 U.S. at 284, 287. It applies when four conditions are met: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by state-court judgments; (3) the state-court judgment became final before the federal action commenced; and (4) the federal plaintiff 'invites district court review and rejection of those judgments." *Willner v. Frey*, 243 F. App'x 744, 746 (4th Cir. 2007) (internal quotations and additional citations omitted).

This case fits squarely within those narrow confines, namely, it is a "case[] brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Plaintiff here again challenges the validity of a will that was recorded and probated by the Mecklenburg County Superior Court more than four years ago, Doc. No. 12 at 2, and seeks relief that would require this Court to revisit and reject the state court's determination. Although Plaintiff insists that he is not seeking "appellate review of a state court judgment," he asks the Court to, among other things, declare the will invalid, enjoin reliance on it, and remove Defendant as executor. Doc. No. 1 at 5. Granting such relief would necessarily require this Court to overturn or modify the state probate judgment that the will was valid. Under *Rooker-Feldman*, it cannot.

4

If Plaintiff believed the state court erred in its probate rulings, his recourse was to pursue appellate review within the North Carolina courts. In sum, because the *Rooker-Feldman* deprives this Court of subject matter jurisdiction, the action must be dismissed without prejudice.[1]

Further, to the extent Plaintiff seeks leave to amend his complaint, the Court concludes that amendment would be futile. No additional factual allegations can cure the fundamental jurisdictional defect discussed above.[2] Despite Plaintiff's repeated efforts to characterize his claims differently, he ultimately asks this Court to do what it is constitutionally prohibited from doing: revisit and overturn the state probate court's determination that the will was valid, appoint a different executor, or otherwise disturb a will that was probated years ago. Because federal jurisdiction cannot be created through repleading, Plaintiff's request for leave to amend is denied.

Finally, Defendant also moves for sanctions, requesting (1) the imposition of a pre-filing injunction under the All Writs Act, 18 U.S.C. § 1651; and (2) monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure. *See* Doc. No. 18.

The All Writs Act grants federal courts "the authority to issue prefiling injunctions against vexatious litigants." *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (citing *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)). Although such measures must be used sparingly, particularly when the litigant is proceeding pro se, an injunction is appropriate if a litigant continuously abuses the judicial process "by filing meritless and repetitive actions."

---

[1] Because the Court lacks subject matter jurisdiction, it need not determine whether Defendant was properly served under 12(b)(5), or whether Plaintiff failed to state a claim under 12(b)(6).

[2] Although Rule 15(a) of the Federal Rules of Civil Procedure requires that leave to file an amended complaint be "freely given when justice so requires," Fed. R. Civ. Proc. 15, leave to amend a pleading should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would [be] futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). *See also Foman v. Davis*, 371 U.S. 178, 182 (1962).

*Cromer*, 390 F.3d at 818 (quoting *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993)). This includes "successive lawsuits involving the same issues against the same parties that are vexatious in nature." *McRae v. Niagara Bottling, LLC*, No. CR520CV00131KDBDCK, 2021 WL 3518530, at *3 (W.D.N.C. Aug. 10, 2021), *aff'd sub nom. McRae v. Niagara Bottling*, No. 21-1884, 2022 WL 523071 (4th Cir. Feb. 22, 2022) (quoting 43A C.J.S. *Injunctions* § 109 (2021)).

Here, Plaintiff has initiated approximately eleven lawsuits stemming from the state court's acceptance and probate of his father's will. Three of those actions, including the present case, have been filed in federal court within the last three years. Both the 2024 and 2025 federal actions were dismissed, and both dismissals were affirmed by the Fourth Circuit. *See* 5:24-cv-00203-D-BM, Doc. Nos. 94, 101; 3:25-cv-00064-MOC-SCR (the "2025 Matter"), Doc. Nos. 38, 43. In the 2025 Matter, the Court considered—but ultimately declined to impose—a prefiling injunction. Defendant now renews that request, citing Plaintiff's continued pattern of filing "vexatious, harassing, duplicative, and frivolous" lawsuits that burden both the courts and parties involved.[3] Doc. No. 18 at 11. Plaintiff responds by asking the Court to deny the motion and set a hearing on his claims.

The Court agrees that Plaintiff has engaged in unnecessary and vexatious successive litigation involving the same subject matter in both state and federal courts. Further, Plaintiff has had ample opportunity to explain why a pre-filing injunction is unwarranted, and his filings in opposition only underscore the need for such relief. Accordingly, the Court will impose a pre-filing injunction. All future documents submitted by the Plaintiff, whether in this case or in any other action filed in this District, will be subject to pre-screening by the Court. Any proposed filing

---

[3] In his Response in Opposition to the Motion for Sanctions, Plaintiff attached state court documents indicating that on August 12, 2024, the Mecklenburg County Superior Court has already entered a "Gatekeeper Order" against him. Doc. No. 22-2 at 6.

6

that is not made in good faith or which lacks substance or merit will be returned to the Plaintiff without further explanation.

Defendant also seeks monetary sanctions, asserting that he has incurred more than $30,000 in legal fees responding to this and related matters. The Court will deny this request without prejudice. Defendant may file, on or before July 31, 2026, a separate motion for attorney's fees supported by appropriate documentation of the fees incurred (but only in this matter), and the Court will consider it after Plaintiff has had an opportunity to respond.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion to Dismiss (Doc. No. 11) is **GRANTED**;

2. Defendant's Motion for Sanctions (Doc. No. 17) is **GRANTED** in part and **DENIED** without prejudice in part as set forth above;

3. Plaintiff's Motions for Federal Evidentiary Hearing (Doc. No. 2) and Notice of Obstruction of Service, Misrepresentation Concerning Defendant Identity, and Motion for Appropriate Judicial Relief and Sanctions (Doc. No. 9) are **DENIED** as moot; and

4. The Clerk is directed to (1) close this matter in accordance with this Order, (2) add Plaintiff John Clark to the pre-filing review list, and (3) to add cases 3:25-cv-0064-MOC-SCR and 3:26-cv-00350-KDC-DCK to Plaintiff's Filer Status Report in CM-ECF.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 17, 2026

Kenneth D. Bell
United States District Judge

7