**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00350-KDB-DCK**

**JOHN R CLARK,**

**Plaintiff,**

**v.**

**BENJAMIN F. CLARK JR.,**

**Defendant.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant's Motion for Attorney's Fees (Doc. No. 25). The Court has carefully considered this motion, and the parties' briefs and exhibits in support and opposition. For the reasons discussed below, the Court will **GRANT** the motion.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 11 permits a court to impose sanctions upon a party that files a pleading or motion (i) that is presented for an improper purpose, (ii) that is not warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law, (iii) that lacks existing or likely prospective evidentiary support, or (iv) that contains denials not warranted by the evidence, belief, or lack of information. Fed. R. Civ. P. 11. Significantly here, Rule 11 applies both to *pro se* parties and parties represented by counsel. *See* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment (explaining that Rule 11 "appl[ies] to anyone who signs a pleading, motion, or other paper" and that "the standard is the same for unrepresented parties, who are obliged to sign the pleadings," although "a court has sufficient discretion to take account of the special circumstances that often arise in *pro se* situations"); *Schnader Harrison Segal & Lewis LLP v. Hershey*, No. 1:12cv928, 2013 WL

12099323, at *2 (E.D. Va. Aug. 14, 2013), *aff'd*, 575 F. App'x 196, 197 (4th Cir. 2014) ("a party's status as a pro se litigant [does not] preclude sanctions under Rule 11."); *Johnson v. EEOC Charlotte Dist. Office,* No. 315CV00148RJCDSC, 2016 WL 3514456, at *2 (W.D.N.C. June 27, 2016), *aff'd sub nom. Johnson v. Keith Hawthorne Hyundai,* 665 F. App'x 310 (4th Cir. 2016) ("While *pro se* pleadings and filings are granted a degree of indulgence not extended to lawyers when a court considers the imposition of Rule 11 sanctions, *pro se* litigants must still abide by Rule 11, and they may be sanctioned for its violation.") (internal quotations and additional citations omitted).

When appropriate, "district courts have ... discretion to tailor a [Rule 11] sanction so that it fits the nature and severity of the violation of the rule." *Sanders v. Farina*, 197 F. Supp. 3d 892, 903 (E.D. Va. 2016), *aff'd,* No. 16-1893, 2016 WL 7338495 (4th Cir. Dec. 19, 2016) (quoting 5A Wright & Miller, Federal Practice and Procedure § 1336.3 (3d ed. 2004)). Importantly, however, the "sanction[s] imposed must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." *Id.* (quoting *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1008 (4th Cir. 2014)) (internal quotations and additional citation omitted). And "isolated, inadvertent error[s] do[] not justify Rule 11 sanctions." *In re Bees,* 562 F.3d 284, 288 (4th Cir. 2009).

## II. FACTS AND PROCEDURAL HISTORY

The parties are brothers. Following their father's death and the probate of his will more than four years ago, Plaintiff John Clark began filing a series of lawsuits—approximately eleven in total—against his brother, Defendant Benjamin Clark, and others in both state and federal courts. Doc. No. 12 at 2–7. He alleged, among other things, that the probated will was fraudulent. In the 2025 federal action, Plaintiff asserted dozens of claims, including illegal transfer of property

through forgery, document forgery, notary fraud, and deed fraud. That matter was dismissed, and the dismissal was later affirmed by the Fourth Circuit. *See* 3:25-cv-064-MOC-SCR, Doc. No. 1 at 1; *Clark v. Clark*, No. 25-1626, 2025 WL 3063310, at *1 (4th Cir. Nov. 3, 2025).

In this action, Plaintiff again alleges that Defendant knowingly presented a forged will and falsified notarizations as genuine during the probate proceedings. *See* Doc. No. 1. Defendant timely moved to dismiss, and the Court granted the motion on the ground that Plaintiff's claims were barred by the *Rooker–Feldman* doctrine. Doc. No. 23 at 3–5. Defendant also sought a prefiling injunction and sanctions, including attorney's fees. *See* Doc. No. 17. The Court granted the request for a prefiling injunction, finding that Plaintiff had engaged in "unnecessary and vexatious successive litigation involving the same subject matter in both state and federal courts," but denied monetary sanctions without prejudice. Doc. No. 23 at 5–7. The Court explained that Defendant would need to file a separate motion supported by documentation specific to the fees incurred in this matter, rather than relying on a general assertion that he had expended more than $30,000 responding to Plaintiff's repeated lawsuits. *Id.*

Now before the Court is Defendant's renewed Motion for Attorney's Fees, in which he seeks $5,083.12 for 11.2 hours of attorney time (at a rate of $450 per hour), 0.2 hours of paralegal time (at a rate of $195 per hour), and $4.12 in postage for mailing documents to Plaintiff. Doc. No. 25. Plaintiff has filed a response in opposition (Doc. No. 32), and the motion is now ripe for this Court's ruling.

## III. DISCUSSION

At issue in this post-dismissal matter is whether Rule 11 sanctions in the form of attorney's fees should be imposed against Plaintiff, a pro se litigant who has filed nearly a dozen lawsuits over the past four years, all arising from the probate of his father's will. In his response to the

Motion, Plaintiff asserts that he has repeatedly initiated litigation, including the present action, because he seeks an "evidentiary hearing" regarding what he believes to be a forged will. *See* Doc. No. 32. He asks the Court to deny Defendant's motion for attorney's fees or, alternatively, to stay consideration or enforcement of any award pending resolution of his appeal from the Court's order granting Defendant's motion to dismiss. *Id.* Plaintiff also cites *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017), for the proposition that any fee award must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." *Id*. at 104. He further argues that, if any monetary sanctions are imposed, they should be limited to the attorney's fees incurred in connection with the sanctions motions themselves. Doc. No. 32 at 3.

The Court agrees with the governing principle in *Goodyear*. Here, but for Plaintiff's decision to file this matter—after at least ten other lawsuits concerning the same subject matter had already been resolved, including a 2025 federal action dismissed by this Court and affirmed by the Fourth Circuit—Defendant would not have incurred *any* legal fees in this case. Indeed, Plaintiff's conduct falls squarely within the type of repetitive, meritless litigation that Rule 11 is designed to deter. The Court, in its discretion, further finds that anything less than the full amount of fees incurred in this matter is unlikely to deter Plaintiff from filing yet another baseless action concerning the probate of his father's will.

Finally, although Plaintiff is proceeding pro se, he did not seek leave to proceed in forma pauperis. In both this case and the related 2025 federal action, Plaintiff has paid more than $2,000 in district and appellate level filing fees, underscoring that he has the financial capacity to satisfy a sanction. Given the number and nature of his filings, a fee award is both warranted and necessary

to deter future misconduct. Accordingly, Defendant's Rule 11 Motion for Attorney's Fees will be **GRANTED.**

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Attorney's Fees (Doc. No. 25) is **GRANTED**;
2. Judgment is entered in favor of Defendant in the amount of $5,083.12;
3. Defendant is awarded post-judgment interest on its judgment pursuant to 28 U.S.C. § 1961; and
4. The Clerk is directed to maintain this matter as closed in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 25, 2026

Kenneth D. Bell
United States District Judge